(No. 4699

WILLIAM S. AUSTIN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

LANSDEN AND LANSDEN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On November 28, 1955, claimant filed his complaint seeking an award for injuries, which he sustained while an inmate at the Illinois State Penitentiary, Menard, Illinois.

From the evidence, it appears that on April 3, 1952 claimant was playing softball during an authorized recreation period. In an attempt to slide into second base he collided with the second baseman, and suffered a fracture through the articular surface head of the left radius.

The gist of the complaint is to the effect that the attending doctor made a "slip-shod" diagnosis, and, instead of placing the arm in a cast, diagnosed the injury as a sprain, and ordered claimant to carry it in a sling. As a result of improper treatment, claimant alleges that he now has a pronounced limitation of motion.

Respondent, for no apparent reason, failed to file a motion to strike the complaint on the grounds that it was barred on its face by the statute of limitations. Claimant alleges that the facts of this case show that he was suffering from "other disabilities", so that he should escape the bar of the statute.

At the outset, we must consider Section 22 of the Court of Claims Act:

"Every claim, other than a claim arising out of a contract or a claim arising under subsection C of Section 8 of this Act, cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

The precise point was considered by the Court in the case of *Atkinson* vs. *State of Illinois*, 21 C.C.R. 429:

"On February 19, 1953, claimant, Henry Atkinson, filed his complaint in this Court seeking to recover an award for injuries sustained by him on September 30, 1949, allegedly due to the negligence of respondent, while claimant was an inmate of the Illinois State Penitentiary, Stateville Branch.

Section 22 of the present Court of Claims Act, Ill. Rev. Stats., 1949, Chap. 37, Sec. 439.22, provides that the filing of a claim, unless sooner barred, within two years of its accrual is jurisdictional 'saving to infants, idiots, lunatics, insane persons, and persons under other disability at the time the claim accrues two years from the time the disability ceases'. *Weber* vs. *State of Illinois*, 19 C.C.R. 33, and *Auto Electric Co.* vs. *State of Illinois*, 20 C.C.R. 198.

Although respondent has filed no motion pointing out that the complaint has been filed too late, since jurisdiction of this Court is involved, and the question of the jurisdiction of this Court may be raised at any time, even by the Court on its own motion, we, therefore, must determine whether we can hear this case. *Flynn* vs. *State of Illinois*, 19 C.C.R. 184.

The complaint, on its face, shows that claimant is not now, and has not, since his claim accrued, been under any disability, which would toll the running of time against him.

It has always been the rule in this Court that confinement in the penitentiary is not such a disability as would toll the running of the statute. *McElyea* vs. *State of Illinois*, 7 C.C.R. 69, and *Robertson* vs. *State of Illinois*, 19 C.C.R. 146. The latter case contains a complete discussion of the problem involved herein, and in that case the claim was dismissed, because the former convict therein involved waited too long to file his case.

In view of the foregoing, claimant has filed his complaint too late, and this Court is without jurisdiction to hear it.

The case is dismissed."

In an effort to avoid the rule in the Atkinson case, claimant alleges that "other disabilities" prevented him from filing his claim on time, and states that in the summer of 1954 a Veterans' Service Officer was asked to supply an attorney, but that he suggested claimant wait until his discharge to institute such action.

He further alleges that his sister made an effort to locate an attorney without success, and, finally, that he feared any claim filed by him would affect his chance of parole or discharge.

Notwithstanding the above allegations, claimant, while a prisoner, filed his complaint "pro se" on November 28, 1955, and, if he elected to file his complaint while a prisoner, it should have been filed on time.

For the reason that the Court is without jurisdiction to hear the case, an award is, therefore, denied.